UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

BC FUNDING, LLC,

                    Debtor.
------------------------------------------------------------------x
BC LIQUIDATING, LLC,

                    Plaintiff,

vs.

LLOYD J. WEINSTEIN, THE WEINSTEIN GROUP, P.C.,
KAREN SHARF, HUNT ASHLEY GROUP, INC.,
sometimes doing business as SECRET GARDENS,
SAMANTHA SHARF, MITCHELL C. ELMAN,
THE LAW OFFICES OF MITCHELL C. ELMAN, P.C.,
TIX GROUP, LTD., MERCY ROMAN,
ANDREW MUHLSTOCK, MUHLSTOCK &
ASSOCIATES, CPA's PLLC, ERICA ABRAMSON,
as TRUSTEE OF BC FUNDING HOLDINGS TRUST,
BC FUNDING HOLDINGS TRUST, and ERICA
ABRAMSON, as TRUSTEE OF THE BARRY SHARF
2002 TRUST and THE BARRY SHARF 2002 TRUST,

                    Defendants.
------------------------------------------------------------------x

Case No. 812-71471-reg

Chapter 11

Adv. Proc. No. 814-8082-reg

## MEMORANDUM DECISION
### (Re: Mercy Roman Motion to Dismiss, Dkt. #72)

       Before the Court is a motion by the Defendant, Mercy Roman, to dismiss the claims

against her in this adversary proceeding.  Familiarity with the facts alleged in this case is

presumed as those allegations have been set forth in detail in this Court's Decision, dated

October 31, 2014, denying motions to dismiss by certain co-defendants.  In sum, the Plaintiff

asserts in this case a variety of claims against multiple defendants "alleging that they engaged in

a massive fraud orchestrated by BCF's CEO, Barry Sharf, to loot the assets of BCF eventually leading the company into bankruptcy." (October 31, 2014 Decision at 2).

As to Ms. Roman, the Complaint alleges that "Roman served as an assistant to Barry Sharf at BCF and functioned as a bookkeeper for BCF, *inter alia*, creating and maintaining BCF's financial books and records." (Complaint ¶25). Roman "actively assisted Sharf and participated in the scheme by concealing [] fraudulent transactions, cash embezzlement, money laundering and other thefts perpetrated by Sharf and his family, friends and counsel, as above stated, from the investors in BCF by: (a) misclassifying such transfers on BCF's general ledger, accounting software, QuickBooks; (b) reconciling, through false and misleading entries, BCF's QuickBooks, ledgers with BCF's financial records and bank statements; and (c) using the mails and wires (sic) transfers to transfer funds as directed or requested by Sharf in furtherance of the scheme." (Complaint ¶119).

The Plaintiff has asserted the following claims against Roman: RICO violations, aiding and abetting fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion, aiding and abetting conversion, unjust enrichment, constructive trust and accounting. The Complaint alleges that Roman was an active participant in a fraudulent and unlawful scheme to elicit funds and procure investments purportedly for BCF which were then diverted to Sharf and others. It also alleges "[a]s an employee of BCF, Roman was in a position of trust to BCF that imposed upon her trust certain fiduciary obligations owed to BCF." (Complaint ¶120). "Roman was . . . responsible, for, *inter alia*, entering transactions into BCF's accounting system, its QuickBooks, books and records and general ledger and reconciling its financial records and statements. Upon information and belief, Roman assisted the association-in-fact enterprise by entering into BCF's QuickBooks' system, false accounting entries, to make it appear that BCF

was financially more profitable that (sic) it really was and to conceal personal expenses paid for by BCF on behalf of Sharf and/or Karen Sharf by classifying them as ordinary business expenses.  Roman also assisted in effectuating the transfers of funds and assets, via mail and/or wire transactions and banking transactions, to other RICO Defendants and/or as part of the scheme as directed by Sharf." (Complaint ¶213).  The Complaint alleges that Roman aided and abetted the fraud committed by Barry Sharf (Complaint ¶246); that she was aware of the existence of the fraud (Complaint ¶247); that she provided substantial assistance to advance the commission and concealment of the fraud (Complaint ¶248); that she acted with actual malice, and that her conduct was gross, wanton, and willful and evinces a high degree of moral culpability (Complaint ¶250).

Acting *pro se*, Ms. Roman filed a motion to dismiss the claims against her.  In the motion, Roman says she was Sharf's assistant and office manager, not a bookkeeper as alleged in the Complaint, although she did aid the accountants during a time of transition.  She says that she had limited access to the company's records; that she only followed orders and instructions given to her by Sharf; and she had no knowledge of any fraudulent scheme.  She also explains that one of her "main functions in the office was to monitor any money collected from the automated system used to record daily the activity of all merchants, [and]  . .  review numbers and daily transactions in order to compare, match up with the daily reports, and distribute any money due to syndicators on deals participated." (Motion at 4).  She also explains that she had no authority to effectuate any transfers between accounts without Sharf's approval.

Ms. Roman's "motion to dismiss" presents her defenses to the claims against her and a refutation of the facts alleged the Complaint.  Although the facts presented by Ms. Roman may ultimately be bourne out at trial, factual disputes and the assertion of defenses are not a basis

upon which to grant a motion to dismiss at such an early stage of a case.  *See Adelphia Comm.*

*Corp. v. Bank of America, N.A. (In re Adelphia Comm. Corp.)*, 365 B.R. 24, 79 (Bankr. S.D.N.Y.

2007).


## CONCLUSION

For all of the foregoing reasons, Ms. Roman's motion to dismiss will be denied.

An Order consistent with this Memorandum Decision will issue forthwith.

Dated: Central Islip, New York
        December 1, 2014

                                        */s/ Robert E. Grossman*
                                        Hon. Robert E. Grossman, U.S.B.J.